UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANNA RASLAVICH,

     Plaintiff,

v.                                Case No: 8:22-cv-2207-CEH-MRM

ALBEE BABY CARRIAGE CO.,
INC.,

     Defendant.
_____/

## ORDER TO SHOW CAUSE

This cause comes before the Court *sua sponte*. Anna Raslavich brings this action against Albee Baby Carriage Co., Inc., on behalf of herself and a putative class for alleged violations of the Florida Telephone Solicitation Act, Florida Statute § 501.059. Doc. 1-1 ¶¶ 1, 20–38. Contending that the Court has jurisdiction under the Class Action Fairness Act, Albee removed the action. Doc. 1 at 3–6. However, the Court is unable to determine whether subject-matter jurisdiction exists because Albee does not sufficiently establish the parties' diverse citizenship.

## LEGAL STANDARD

Federal courts must *sua sponte* inquire into an action's subject-matter jurisdiction whenever such jurisdiction may be lacking. *Cadet v. Bulger*, 377 F.3d 1173, 1179 (11th Cir. 2004); *accord Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999) ("[O]nce a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue."). "The jurisdiction of a court over the subject matter

of a claim involves the court's competency to consider a given type of case, and cannot be waived or otherwise conferred upon the court by the parties." *Jackson v. Seaboard Coast Line R.R. Co.*, 678 F.2d 992, 1000 (11th Cir. 1982). The bases for federal courts' subject-matter jurisdiction are confined, as federal courts are "empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution or otherwise authorized by Congress." *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994). "[A]ll doubts about jurisdiction should be resolved in favor of remand to state court." *Univ. of S. Ala.*, 168 F.3d at 411.

Subject to exceptions not relevant here, the Class Action Fairness Act provides, in relevant part, that district courts have original jurisdiction over "any civil action in which the matter in controversy exceeds the sum of value of $5,000,000, exclusive of interest and costs, and is a class action in which . . . any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). A natural individual's citizenship is determined by the state in which he or she is domiciled. *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002). A corporation is "a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

"[A] defendant seeking to remove a case to federal court must file in the federal forum a notice of removal 'containing a short and plain statement of the grounds for removal.'" *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014) (quoting 28 U.S.C. § 1446(a)). "[W]hen a defendant seeks federal-court adjudication,

the defendant's amount in controversy allegation should be accepted when not contested by the plaintiff *or questioned by the court*." *Id.* (emphasis added). "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold," but "[e]vidence establishing the amount is required. . . when the court questions . . . the defendant's allegation." *Id.* When the court questions the defendant's allegation, "the defendant must prove by a preponderance of the evidence that the amount in controversy is sufficient." *Anderson v. Wilco Life Ins. Co.*, 943 F.3d 917, 925 (11th Cir. 2019). The Class Action Fairness Act also provides that, "[i]n any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(6).

## DISCUSSION

As the party seeking to invoke federal jurisdiction, Albee bears the burden of showing the Court's subject-matter jurisdiction over this action. First, Albee—a corporation—contends that it is a New York citizen because it is incorporated under the laws of New York and has its principal place of business in New York. *See* Doc. 1 at 4. Albee provides a declaration to support this proposition (Doc. 1-5). As such, Albee is a citizen of New York. Next, citing to the complaint, Albee contends that Raslavich is a citizen of Florida because she alleges in her complaint that she is a Florida resident and that she and the telephone number assigned to her phone "were physically located in Florida at the time of the alleged telephonic sales calls." Doc. 1 at 4. But, as highlighted above, a natural individual's citizenship is determined by the

state in which he or she is domiciled. Critically, "[d]omicile is not synonymous with residence; one may temporarily reside in one location, yet retain domicile in a previous residence." *Molinos Valle Del Cibao, C. por A. v. Lama*, 633 F.3d 1330, 1341–42 (11th Cir. 2011). As such, Albee fails to establish Raslavich's citizenship. Because Albee fails to establish Raslavich's citizenship, the Court is unable to determine whether "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d).[1]

Accordingly, it is **ORDERED** that Defendant Albee Baby Carriage Co., Inc., must **SHOW CAUSE** as to why the Court should not remand this action for lack of subject-matter jurisdiction. Albee must file a written response with the Court within **FOURTEEN (14) DAYS from the date of this order. Failure to respond within the time provided will result in the remand of this action without further notice**.

---

[1] The Notice of Removal plausibly alleges that the amount in controversy exceeds the jurisdictional threshold. Albee contends that the amount in controversy exceeds $5 million, exclusive of interest and costs, when the claims of the individual class members are aggregated. Doc. 1 at 5. Under the Florida Telephone Solicitation Act, a "person may not make or knowingly allow a telephonic sales call to be made if such call involves an automated system for the selection or dialing of telephone numbers or the playing of a recorded message when a connection is completed to a number called without the prior express written consent of the called party." Fla. Stat. § 501.059(8)(a). "A called party who is aggrieved" by such a violation may bring an action to recover the greater amount of actual damages or $500. *Id.* § 501.509(10)(a). A court may "increase the amount of the award to an amount equal to not more than three times t[his] amount" if the court finds that the defendant willfully or knowingly committed a violation. *Id.* § 501.059(10)(b). In her complaint, Raslavich alleges that Albee "has placed telephonic sales calls to telephone numbers belonging to thousands of consumers in Florida without their prior express written consent." Doc. 1-1 ¶22. Further, Albee provides a declaration stating that records from its service providers indicate that "there are well over 10,000 at-issue text messages" that Albee sent to individuals with Florida area codes from July 1, 2021, to the present. Doc. 1-5 at 2.

**DONE AND ORDERED** in Tampa, Florida on October 11, 2022.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any